(Nos. 57731, 57765 cons.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. MATT MATHEY, Appellee.—THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. LINDA FEIGENHEIMER, Appellee.

*Opinion filed December 16, 1983.—Rehearing denied January 27, 1984.*

Neil F. Hartigan, Attorney General, of Springfield, and Richard M. Daley, State's Attorney, of Chicago (Michael B. Weinstein, Assistant Attorney General, and Michael E. Shabat, Lawrence R. Stasica, Mary Alice McKenzie, and Michele A. Grimaldi, Assistant State's Attorneys, all of Chicago, of counsel), for the People.

Marvin Bloom, of Chicago, for appellee Matt Mathey.

Dennis M. Zitzer, of Barnett, Nagel & Zitzer, of Chicago, for appellee Linda Feigenheimer.

JUSTICE WARD delivered the opinion of the court:

In each of two criminal cases, the defendant was charged with possession of marijuana under a section of the Cannabis Control Act (the Act) (Ill. Rev. Stat. 1981, ch. 56½, pars. 704(d), 705(d)). In both cases, the same trial judge in the circuit court of Cook County held section 10 of the Act (Ill. Rev. Stat. 1981, ch. 56½, par. 710) to be unconstitutional.

On February 5, 1982, Matt Mathey, the defendant in cause No. 57731, landed at O'Hare International Airport in Chicago, after returning from Jamaica. Upon arriving, a search of his person was conducted by United States Customs officers. Several bags were found taped to the defendant's body that contained a total of 306 grams of cannabis, *i.e.*, marijuana. He was turned over to Chicago police officers who charged him with possession of cannabis with intent to deliver (Ill. Rev. Stat. 1981, ch. 56½, par. 705(d)). The quantity of marijuana prohibited under and described in this section is "30-500 grams."

After a bench trial, the defendant was found guilty. The trial judge expressed dissatisfaction because, under section 10 (Ill. Rev. Stat. 1981, ch. 56½, par. 710) of the Act, he could not sentence the defendant to "first offender" probation. Under that section, upon successful

completion of first-offender probation, the record of his case is stricken, and there is no public record of his conviction. A defendant who violates section 4(d) of the Act (possession of 30 to 500 grams) is not eligible under the Act for first-offender probation, though he may be granted probation on the customary terms under the Unified Code of Corrections (Ill. Rev. Stat. 1981, ch. 38, par. 1005—5—3(b)(1)). The defendant states that, on the other hand, a defendant found guilty of possessing 200 grams or less of amphetamines, barbiturates, or peyote qualifies for the first-offender probation under section 410 of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1981, ch. 56½, par. 1410). He argues that the statute denying him first-offender probation is unconstitutional.

The trial court held that section 10 violated the assurances of due process and equal protection, and it sentenced Mathey to first-offender probation, despite the provisions of section 10.

An informant's tip led police to believe that the defendant in cause No. 57765 was in possession of a large quantity of marijuana. Police under a search warrant searched and found 160 grams of marijuana in the apartment of Linda Fegenheimer and charged her also with possession of cannabis (Ill. Rev. Stat. 1981, ch. 56½, par. 704(d)). She filed a motion to dismiss on grounds that section 10 violated her rights to due process and equal protection. The same trial judge again declared section 10 to be unconstitutional. In this case, rather than imposing first-offender probation, the court dismissed the criminal information against Fegenheimer.

The defendants contend that section 10 denies equal protection of the law because it does not provide for first-offender probation while the Illinois Controlled Substances Act does when "similarly situated" substances are involved in the offense. A conviction for possession of up to 200 grams of barbiturates, amphetamines, or

peyote constitutes a Class 4 felony, and a defendant is eligible for first-offender probation. (Ill. Rev. Stat. 1981, ch. 56½, pars. 1402(b), 1410.) But a defendant convicted of possession of 30 to 500 grams of marijuana, which also constitutes a Class 4 felony, is not eligible for first-offender probation. (Ill. Rev. Stat. 1981, ch. 56½, pars. 704(d), 710.) One convicted of possession of less than 30 grams of marijuana can be given first-offender probation. The defendants say that in *People v. McCabe* (1971), 49 Ill. 2d 338, this court found barbiturates and marijuana to be similarly situated. They contend marijuana possessors and barbiturate possessors cannot be differently treated.

In *People v. Bradley* (1980), 79 Ill. 2d 410, 416, this court articulated the equal protection analysis relevant to this case:

> "The equal protection clause does not deny States the power to treat different classes of persons in different ways. (*Eisenstadt v. Baird* (1972), 405 U.S. 438, 446-47, 31 L. Ed. 2d 349, 358, 92 S. Ct. 1029, 1034-35; *Skinner v. Oklahoma* (1942), 316 U.S. 535, 540, 86 L. Ed. 1655, 1659, 62 S. Ct. 1110, 1113; *Clark v. United States* (N.D. Ill. 1978), 447 Supp. 172, 177.) Only '[w]hen the law lays an unequal hand on those who have committed intrinsically the same quality of offense and [penalizes] one and not the other' does the equal protection clause come into play. (*Skinner v. Oklahoma* (1942), 316 U.S. 535, 541, 86 L. Ed. 1655, 1660, 62 S. Ct. 1110, 1113. See *United States v. Antelope* (1977), 430 U.S. 641, 649, 51 L. Ed. 2d 701, 709, 97 S. Ct. 1395, 1400; *United States ex rel. Pedrosa v. Sielaf* (N.D. Ill. 1977), 434 F. Supp. 493, 497; *People v. McCabe* (1971), 49 Ill. 2d 338, 341.) That clause requires equality between groups of persons 'similarly situated'; it does not require equality or proportionality of penalties for dissimilar conduct. *McGowan v. Maryland* (1961), 366 U.S. 420, 427, 6 L. Ed. 2d 393, 400, 81 S. Ct. 1101, 1105-06; *People v. Nicholson* (1948), 401 Ill. 546, 553."

In *People v. McCabe* (1971), 49 Ill. 2d 338, this court

held that there was no rational basis for the naming of marijuana in the Uniform Narcotic Drug Act (Ill. Rev. Stat. 1969, ch. 38, par. 22—1 *et seq.*) (repealed) rather than placing it in the Drug Abuse Control Act (Ill. Rev. Stat. 1969, ch. 111½, par. 801 *et seq.*) (repealed). After examining the character, effects and consequences of abuse of the drugs found in each act, the court concluded that marijuana was "dissimilar from drugs under the Narcotic Drug Act," and "more closely resemble[d] drugs placed in the Drug Abuse Control Act." (*People v. McCabe* (1971), 49 Ill. 2d 338, 349.) The Narcotic Drug Act, which included heroin and cocaine, provided for a 10-year minimum sentence upon a first conviction for the sale of marijuana. The Drug Abuse Control Act, which named amphetamines, barbiturates and peyote, had a one-year maximum sentence upon a first conviction for a sale and did not bar the granting of probation. The court judged that the classification of marijuana was arbitrary and irrational, and "offend[ed] the equal-protection clause of the United States constitution and of our new constitution of Illinois ***." (49 Ill. 2d 338, 350.) It was not rational to penalize the possession of marijuana as severely as the possession of narcotic drugs, because there were lesser penalties for the possession of substances that were closer in character to marijuana. Thus, the gross disparity in penalties between marijuana and the drugs within the Drug Abuse Control Act caused this court to find the sentencing scheme unconstitutional.

This court did not, however, in *McCabe* hold that barbiturates, amphetamines, or peyote were so similar to marijuana as to require identical criminal penalties under the equal protection clause. Specifically, the court stated:

"Marijuana, in terms of abuse characteristics, shares much more in common with the barbiturates, amphetamines and, particularly, the hallucinogens than it does with the 'hard drugs' classified in the Narcotic Drug Act. Marijuana does differ from the barbiturates and amphetamines in that it has no established medical use, but nei-

ther do LSD, peyote, or mescaline." (49 Ill. 2d 338, 347.) This court stated only that marijuana had "more in common" with barbiturates than with narcotics. *McCabe* does not mandate identical treatment for marijuana and any drug within the former Drug Abuse Control Act.

Eligibility for first-offender probation is, of course, desirable to a defendant. However, the equal protection clause does not mandate that possessors of marijuana be eligible for first-offender probation whenever possessors of barbiturates are so eligible. Marijuana and the drugs barbiturates, amphetamines and peyote are not "similarly situated." By placing marijuana offenses in a separate statute, the legislature has identified marijuana as constituting a particular social concern. (The extraordinary legislative purpose statement regarding its harmful effects and widespread use is referred to later in this opinion.) It is not the wish and certainly beyond the power of a court to attempt to legislate identical treatment for marijuana offenses and offenses involving other drugs.

The defendants' due process contention is that the Cannabis Control Act is not rationally related to the legislative intent and is therefore unconstitutional. The defendants maintain that, given a legislative intent to concentrate on large-scale commercial suppliers, the 30- to 500-gram category in section 4(d) does not differentiate between small- and large-scale possessions of marijuana, and punishes the small offenders excessively by denying eligibility for first-offender probation.

Where a "suspect class" or "fundamental right" is not present the legislature has broad discretion in prescribing criminal penalties for offenses. (*People v. Bradley* (1980), 79 Ill. 2d 410, 417; *People v. Dixon* (1948), 400 Ill. 449, 453.) This discretion is, of course, not unlimited. The legislature must satisfy the requirements of due process of law:

" '*** [T]he standard of proper exercise of the police power is whether the statute is reasonably designed to remedy the evils which the legislature has determined to

be a threat to the public health, safety and general welfare.' " (*People v. Bradley* (1980), 79 Ill. 2d 410, 417, quoting *Heimgaertner v. Benjamin Electric Manufacturing Co.* (1955), 6 Ill. 2d 152, 159.)

Thus, the statute must be rationally related to its legislative purpose.

Our legislature established a regulatory system for marijuana through a separate act, the Cannabis Control Act. The Act begins with a legislative declaration of purpose and reads:

> "The General Assembly recognizes that (1) the current state of scientific and medical knowledge concerning the effects of cannabis makes it necessary to acknowledge the physical, psychological and sociological damage which is incumbent upon its use; (2) the use of cannabis occupies the unusual position of being widely used and pervasive among the citizens of Illinois despite its harmful effects; and (3) previous legislation enacted to control or forbid the use of cannabis has often unnecessarily and unrealistically drawn a large segment of our population within the criminal justice system without succeeding in deterring the expansion of cannabis use. It is, therefore, the intent of the General Assembly, in the interest of the health and welfare of the citizens of Illinois, to establish a reasonable penalty system which is responsive to the current state of knowledge concerning cannabis and which directs the greatest efforts of law enforcement agencies toward the commercial traffickers and large-scale purveyors of cannabis. To this end, this Act provides wide latitude in the sentencing discretion of the courts and establishes penalties in a sharply rising progression based on the amount of substances containing cannabis involved in each case." (Ill. Rev. Stat. 1981, ch. 56½, par. 701.)

Thus, the General Assembly gave melancholy recognition to the fact that previous legislation "unnecessarily and unrealistically" brought "a large segment of our population within the criminal justice system." The statute's emphasis is directed at "commercial traffickers and large-scale purveyors" of marijuana, and the Act's intendment is "to es-

tablish a reasonable penalty system" and give "wide latitude" to the courts in sentencing.

It is against this background that the provision in question must be viewed. The Cannabis Control Act prescribes penalties, in a scale of ascending severity, for the possession of 0 to 2.5 grams of marijuana, 2.5 to 10 grams and 10 to 30 grams of marijuana. (Ill. Rev. Stat. 1981, ch. 56½, pars. 704(a), (b), (c).) Violations of these sections are misdemeanors. The statute's next gradation in quantity is 30 to 500 grams, and a violation of this section is a Class 4 felony, with a possible sentence of one to three years. (Ill. Rev. Stat. 1981, ch. 56½, par. 704(d).) At this gradation there is no provision for first-offender probation (Ill. Rev. Stat. 1981, ch. 56½, par. 710), although an offender is eligible for regular probation (Ill. Rev. Stat. 1981, ch. 38, par. 1005—5—3(b)(1)).

The defendant says that the quantity range at the 30 to 500 gradation does not sufficiently differentiate between small- and large-scale possessions of marijuana. It is not, however, for this court to prescribe what the dividing lines should be in distinguishing offenses. That obviously is a legislative function. The judicial function is only to decide whether, as we have described, the enactment is irrational. Under the Act, the possession of small and graduated quantities of marijuana is classified as a misdemeanor. (Ill. Rev. Stat. 1981, ch. 56½, pars. 704(a), (b), (c).) This scheme furthers the legislative intent to establish a reasonable penalty system which focuses on commercial traffickers.

It was not irrational or contrary to the stated legislative purpose to designate 30 grams as the threshold quantity at which heavier penalties are imposed. Too, it was not irrational or contrary to the legislative purpose to provide that the violation of section 4(d) would constitute a felony without benefit of eligibility for first-offender probation.

The defendants ask this court, in effect, to reform the

Cannabis Control Act. The judicial branch is not the forum for the reform of marijuana or other laws. Legislation is for the legislative branch. As one court under circumstances resembling those here aptly put it:

> "Under our system of checks and balances, it is the court's duty to examine legislation and to determine the legality or illegality of that legislation within the confines of the law. It is the responsibility of the court to construe and enforce the Constitution and laws of the land as they are and not to legislate social policy on the basis of *** personal inclination or other nonlegal considerations. *Evans v. Abney*, 396 U.S. 435, 447, 90 S. Ct. 622, 635, 24 L. Ed. 2d 634 (1970)." *National Organization For the Reform of Marijuana Laws v. Bell* (1980), 488 F. Supp. 123, 143.

For the reasons given, the judgments of the circuit court in cause No. 57731 and cause No. 57765 are reversed, and the causes are remanded for proceedings not inconsistent with the views expressed in this opinion.

*Reversed and remanded.*