THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
TODD BROOKS, Defendant-Appellant.

Fourth District   No. 4—88—0118

Opinion filed February 16, 1989.

Daniel D. Yuhas and Karen Munoz, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Kenneth R. Boyle, Robert J. Biderman, and David E. Mannchen, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

After a jury trial, defendant was convicted of violating section 401(b)(2) of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1987, ch. 56½, par. 1401(b)(2)) by selling 6.9 grams of a substance containing cocaine. Subsequently, the trial court sentenced him to five years' imprisonment. Defendant argues section 5—5—3(c)(2)(D) of the Unified Code of Corrections (Code) (Ill. Rev. Stat. 1987, ch. 38, par. 1005—5—3(c)(2)(D)) violates equal protection; thus, it is unconstitutional. Defendant also argues the trial court abused its discretion in sentencing him.

We affirm.

Defendant was arrested as the result of a sale of cocaine to Sergeant Kurt Kabat, who was working as an undercover police officer. Kabat testified that on March 25, 1987, he contacted defendant at defendant's home in Champaign. Kabat asked defendant why defend-

ant had not contacted him. Defendant responded that he had lost his lysergic acid diethylamide (LSD) connection. Kabat then told defendant he had lost his cocaine connection. Defendant offered to supply Kabat with one-fourth of an ounce of cocaine. Defendant would have acquired the cocaine that day, but Kabat did not have sufficient funds to purchase it.

The next day when Kabat returned to defendant's house, defendant told Kabat that his supplier had a quarter of an ounce of cocaine which had been divided into gram packages. Kabat indicated that he wanted an undivided quantity of cocaine. Defendant said his supplier would receive more cocaine that week and defendant would call Kabat.

On March 30, 1987, Kabat received a page on his pager from defendant. When Kabat called defendant, defendant said he had an ounce of cocaine for $2,000. Kabat called defendant back and told him he would be unable to purchase the full quantity. The next day Kabat went to defendant's home, where he eventually purchased 6.9 grams of a substance containing cocaine. On cross-examination, Kabat stated defendant indicated he did not sell much cocaine. There was a police investigation team in the area, and people were afraid to deal in drugs.

Roland Guitare testified defendant had a good reputation as an honest, law-abiding citizen.

Initially, defendant argues section 5—5—3(c)(2)(D) of the Code is unconstitutional as violative of equal protection. Section 401(b) of the Illinois Controlled Substances Act provides that delivery of various amounts of the listed controlled substances constitutes a Class 1 felony. (Ill. Rev. Stat. 1987, ch. 56½, par. 1401(b).) Heroin, cocaine, morphine, peyote, barbituric acid, and amphetamine are among the substances listed. Ill. Rev. Stat. 1987, ch. 56½, par. 1401(b).

Section 5—5—3(b) of the Code provides that probation, periodic imprisonment, conditional discharge, and imprisonment are available dispositions for all felonies and misdemeanors other than those listed in section 5—5—3(c) of the Code. (Ill. Rev. Stat. 1987, ch. 38, par. 1005—5—3(b).) Section 5—5—3(c)(2)(D) provides imprisonment is the only available disposition for those who violate section 401(b)(2) of the Illinois Controlled Substances Act by selling over five grams of a substance containing cocaine. (Ill. Rev. Stat. 1987, ch. 38, par. 1005—5—3(c)(2)(D).) Defendant maintains there is no rational reason for punishing a person convicted of delivering over five grams of cocaine more severely than persons convicted of delivering other substances such as heroin, morphine, barbiturates, or amphetamines.

■ The legislature has wide discretion in classifying offenses and providing penalties for them. (*People v. Steppan* (1985), 105 Ill. 2d 310, 473 N.E.2d 1300; *People v. Mathey* (1983), 99 Ill. 2d 292, 458 N.E.2d 499.) However, this discretion is not unlimited. The equal protection clause of the fourteenth amendment requires that persons similarly situated be treated equally. (U.S. Const., amend. XIV.) However, it does not deny the State the power to treat different classes of persons differently. Absent a fundamental right or a suspect classification, the legislature may treat similarly situated persons differently if a rational reason exists for doing so. *People v. Watson* (1987), 118 Ill. 2d 62, 514 N.E.2d 167; *People v. Tosch* (1986), 114 Ill. 2d 474, 501 N.E.2d 1253, *cert. denied* (1987), 483 U.S. 1008, 97 L. Ed. 2d 740, 107 S. Ct. 3235.

■ The classification established by the legislature is presumed valid. Those contesting a statute's constitutional validity have the burden of showing its invalidity. (*People v. McCabe* (1971), 49 Ill. 2d 338, 275 N.E.2d 407.) If any state of facts may reasonably be conceived to justify the classification, it must be upheld. *People v. Harmison* (1985), 108 Ill. 2d 197, 483 N.E.2d 508; *People v. Robertson* (1988), 168 Ill. App. 3d 132, 522 N.E.2d 239.

In the instant case, the legislative history of Senate Bill 1565, which amended section 5—5—3(c)(2)(D) of the Code, clearly establishes that the legislature was concerned with the easy availability of cocaine, concerned about the epidemic proportions of the problem, concerned with the small amount which could be ingested prior to serious disablement, and concerned about the difficulty law enforcement officials were having in meeting and stemming the problem. The bill was specifically designed to increase penalties to meet these concerns by lowering the quantities necessary to constitute a felony and by eliminating probation, periodic imprisonment, and conditional discharge as available dispositions in certain cases. 84th Ill. Gen. Assem., House Proceedings, Dec. 5, 1986, at 10 (House Debates on Senate Bill 1565).

■ In *Mathey*, the defendant argued a statute which denied first offender probation status to him because of his possession of 30 to 500 grams, marijuana, violated equal protection concerns. The court stated the legislature could recognize that marijuana posed a special social concern and distinguished between possessory offenses involving it and other drugs. (*Mathey*, 99 Ill. 2d 292, 458 N.E.2d 499.) The same reasoning applies in the instant case. We find section 5—5—3(c)(2)(D) of the Code is constitutional.

Defendant next argues the trial court abused its discretion in sentencing him to five years' imprisonment rather than the minimum

term of four years. (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—1.) Defendant contends the trial court failed to adequately consider his education, lack of use of cocaine, approach to his alcohol problem, the frequency of his sale of cocaine, and support for his child.

The trial court is ordinarily best situated to tailor a sentence to the needs of the case. It balances the appropriate factors in imposing sentence, and the exercise of this discretion should not be altered on review absent abuse. (*Steppan*, 105 Ill. 2d 310, 473 N.E.2d 1300.) In the instant case, the record reveals the trial court considered all aggravating and mitigating factors. The court noted that defendant was on probation when he committed the instant offense. Defendant had also been engaged in the delivery of other controlled substances. Under the circumstances presented here, no abuse of discretion occurred.

For the above reasons, we affirm the trial court.

Affirmed.

SPITZ and GREEN, JJ., concur.