591 N.E.2d 455 (1992)
148 Ill.2d 1
169 Ill.Dec. 282
The PEOPLE of the State of Illinois, Appellant,
v.
Jerry REED, Appellee.
No. 71707.
Supreme Court of Illinois.
April 16, 1992.
*456 Roland W. Burris, Atty. Gen., Springfield (Rosalyn Kaplan, Sol. Gen., and Terence M. Madsen and Nathan P. Maddox, Asst. Attys. Gen., of counsel), for the People.
Robert E. Davison, Asst. App. Defender, of the Office of the State App. Defender, Springfield, for appellee.
Chief Justice MILLER delivered the opinion of the court:
This is a direct appeal by the State, pursuant to Rule 603 (134 Ill.2d R. 603), from an order of the circuit court of Jackson County declaring unconstitutional section 12-16(d) of the Criminal Code of 1961 (Ill. Rev.Stat.1987, ch. 38, par. 12-16(d)). We find that this portion of the aggravated criminal sexual abuse statute meets constitutional requirements, and therefore reverse.
Jerry Reed was charged by information in August 1990 with two counts of aggravated criminal sexual abuse. (Ill.Rev.Stat. 1987, ch. 38, par. 12-16(d).) The State alleged that Reed on two occasions, once when he was 19 years old and again when he was 20, knowingly engaged in acts of sexual penetration with a 13-year-old victim. Sections 12-16(d) and 12-15(c) of the Code proscribe acts of sexual penetration and sexual conduct with minors who are at least 13 years old but under age 17. If the accused is less than five years older than the victim, the offense is criminal sexual abuse. (Ill.Rev.Stat.1987, ch. 38, par. 12-15(c).) If the accused is five or more years older than the victim, the offense is aggravated criminal sexual abuse. Ill.Rev.Stat. 1987, ch. 38, par. 12-16(d).
In February 1991, Reed filed a pretrial motion to dismiss the charges, arguing that the "interplay" of sections 12-15(c) and 12-16(d) violates the equal protection guarantees of the Federal and State Constitutions *457 (U.S. Const., amend. XIV; Ill. Const.1970, art. I, § 2). Reed's memorandum of law in support of his motion included a chart purporting to illustrate how, under these statutes, the "same conduct is punished differently for individuals similarly situated." The chart noted, for example, that a 19-year-old defendant who engages in sexual acts with a 14-year-old victim would be guilty of aggravated criminal sexual abuse, a Class 2 felony punishable by three to seven years in prison and a $10,000 fine. (Ill.Rev.Stat.1987, ch. 38, pars. 12-16(d), (e).) If the victim were 15, the same defendant would be guilty of criminal sexual abuse, a Class A misdemeanor, the maximum penalty for which is 1 year in prison and a $1,000 fine. Ill.Rev.Stat.1987, ch. 38, pars. 12-15(c), (d).
After a hearing, the trial judge found that section 12-16(d) violates equal protection and granted Reed's motion. In a written order, the judge stated that Reed's chart illustrated the "unconstitutional results" of the statute as applied to "individuals similarly situated relative to the protected class of victims 13 to 16 years old."
On the State's appeal, Reed has asked this court to determine whether section 12-16(d) violates the constitutional requirement of due process, in addition to the guarantee of equal protection. Because Reed prevailed in the court below, we will address both the equal protection and due process issues. See People v. Franklin (1987), 115 Ill.2d 328, 336, 105 Ill.Dec. 211, 504 N.E.2d 80; People v. Sloan (1986), 111 Ill.2d 517, 522, 96 Ill.Dec. 55, 490 N.E.2d 1260.

I. Equal Protection
This court uses the same analysis in assessing equal protection claims under both the Federal and State Constitutions. (Illinois Housing Development Authority v. Van Meter (1980), 82 Ill.2d 116, 121, 45 Ill.Dec. 18, 412 N.E.2d 151.) Equal protection requires that government deal with "similarly situated" individuals in a similar manner. (Jenkins v. Wu (1984), 102 Ill.2d 468, 477, 82 Ill.Dec. 382, 468 N.E.2d 1162, citing Eisenstadt v. Baird (1972), 405 U.S. 438, 446-47, 31 L.Ed.2d 349, 358-59, 92 S.Ct. 1029, 1035.) It does not deny a State the power to draw lines that treat different classes of persons differently. (People v. Mathey (1983), 99 Ill.2d 292, 296, 76 Ill.Dec. 99, 458 N.E.2d 499.) Only when the law "`lays an unequal hand on those who have committed intrinsically the same quality of offense'" does the equal protection clause come into play. (People v. Bradley (1980), 79 Ill.2d 410, 416, 38 Ill.Dec. 575, 403 N.E.2d 1029, quoting Skinner v. Oklahoma (1942), 316 U.S. 535, 541, 86 L.Ed. 1655, 1660, 62 S.Ct. 1110, 1113.) The guarantee of equal protection does, however, prohibit the State from according unequal treatment to persons placed by a statute into different classes for reasons wholly unrelated to the purpose of the legislation. Eisenstadt, 405 U.S. at 447, 31 L.Ed.2d at 358-59, 92 S.Ct. at 1035.
To ensure that the State has not exercised its power to classify arbitrarily, this court has used two standards of judicial review. Strict scrutiny is applied to certain "suspect" classifications, such as those based on race, and to statutes that impinge on fundamental constitutional rights; laws that do not implicate these concerns are subject to rational basis review. (People v. Eckhardt (1989), 127 Ill.2d 146, 151, 129 Ill.Dec. 82, 535 N.E.2d 847.) A law will not survive strict scrutiny unless it is necessary to promote, and is narrowly tailored to serve, a compelling State interest. (People v. R.G. (1989), 131 Ill.2d 328, 362, 137 Ill.Dec. 588, 546 N.E.2d 533.) Under the rational basis test, a statutory classification need only bear a rational relationship to a legitimate State goal. People v. Esposito (1988), 121 Ill.2d 491, 500, 118 Ill.Dec. 396, 521 N.E.2d 873.
It is clear that the rational basis standard applies to classifications based on age. (See, e.g., Massachusetts Board of Retirement v. Murgia (1976), 427 U.S. 307, 49 L.Ed.2d 520, 96 S.Ct. 2562; People v. *458 M.A. (1988), 124 Ill.2d 135, 124 Ill.Dec. 511, 529 N.E.2d 492.) An equal protection challenge governed by this standard is limited: if any state of facts may be reasonably conceived to justify the enactment, it must be upheld. People v. La Pointe (1981), 88 Ill.2d 482, 500, 59 Ill.Dec. 59, 431 N.E.2d 344.
Reed first contends that equal protection requires that defendants convicted under sections 12-15(c) and 12-16(d) be treated similarly because they have committed "intrinsically the same quality of offense." The State counters that offenders convicted under these statutes have not committed the same crime: one has engaged in sexual acts with a minor five or more years younger; the other has engaged in such acts with someone closer to his or her own age. The State argues that offenders convicted under sections 12-16(d) and 12-15(c) are no more "similarly situated" than a shoplifter convicted of a Class A misdemeanor for stealing $150 worth of merchandise and one convicted of a Class 3 felony for stealing goods worth $150.01. See Ill.Rev.Stat.1989, ch. 38, pars. 16A-10(1), (3); People v. McNeal (1983), 120 Ill.App.3d 625, 628, 76 Ill.Dec. 230, 458 N.E.2d 630 (citing cases upholding the constitutionality of the retail theft statute).
The State notes further that under no interpretation of section 12-16(d) is one 19-year-old who engages in sexual acts with a 13-year-old treated any differently than another who does the same. All persons five or more years older than their minor sexual partners are treated alike under the aggravated criminal sexual abuse statute. Likewise, all persons less than five years older than their minor sexual partners are treated alike under section 12-15(c). The State therefore initially argues that section 12-16(d) raises no equal protection issue because it does not treat similarly situated individuals differently, but only treats different classes of individuals differently.
It is true that equal protection does not require equal or proportional penalties for dissimilar conduct. (Bradley, 79 Ill.2d at 416, 38 Ill.Dec. 575, 403 N.E.2d 1029, citing McGowan v. Maryland (1961), 366 U.S. 420, 427, 6 L.Ed.2d 393, 400, 81 S.Ct. 1101, 1105-06.) Neither does it deny the State the power to draw lines that treat different classes of people in different ways. (See, e.g., Esposito, 121 Ill.2d at 502, 118 Ill.Dec. 396, 521 N.E.2d 873 (drivers whose blood-alcohol content is 0.10% or more and those whose blood-alcohol content falls below that mark are not so similarly situated as to require identical treatment).) These observations, however, do not answer the question of whether a classification is valid. If the power to classify has been exercised arbitrarily, the State cannot justify the legislation simply by labeling it a "classification." (People v. McCabe (1971), 49 Ill.2d 338, 341, 275 N.E.2d 407.) There must be a rational basis for distinguishing the class to which the law applies from that to which it does not. (People v. Coleman (1986), 111 Ill.2d 87, 95, 94 Ill.Dec. 762, 488 N.E.2d 1009.) Thus, the issue presented in this case is whether there is a rational basis for punishing sex offenders five or more years older than their victims more severely than those closer in age to their sexual partners.
To determine whether a statutory classification is justified by a rational basis, we must examine its purpose. (People v. M.A., 124 Ill.2d at 142, 124 Ill.Dec. 511, 529 N.E.2d 492.) Sections 12-15(c) and 12-16(d) make clear that their overall purpose is to protect children who are 13 to 16 years old from the consequences of premature sexual experiences. Under section 12-15(c), anyone who engages in sexual acts with a minor, including another minor, is guilty of a misdemeanor if the age difference between the parties is less than five years. The felony provisions of section 12-16(d), on the other hand, are applicable only to adults because offenders prosecuted under it must be at least five years older than their 13- to 16-year-old victims.
We agree with the State that what may be considered sexual experimentation by a 15-year-old girl and her 18-year-old boyfriend *459 may be sexual exploitation if the boyfriend is 20. Because of the significant difference in levels of intellectual and emotional maturity, an age difference of five or more years between an adult and his or her minor sexual partner may in itself constitute overreaching. When young sexual partners are less than five years apart in age, their levels of maturity are more nearly equal and the opportunity for overreaching is diminished.
The purpose of section 12-16(d), then, is to protect children from sexual exploitation by adults five or more years older than themselves. Section 12-16(d) bears a rational relationship to this objective, and is a reasonable method of obtaining it, because the statute recognizes that age disparity increases the likelihood that a minor will succumb to an adult's sexual overtures. The legislature could rationally conclude that adults who are five or more years older than their minor sexual partners pose a greater risk of harm, and should be held more accountable for their conduct, than offenders closer in age to their victims. Providing a more severe penalty for older adults who engage in sexual acts with children is a reasonable means of accomplishing the purposes of the statute. We therefore find that section 12-16(d) does not violate the equal protection clauses of the State and Federal Constitutions.

II. Due Process
Reed argues further that section 12-16(d) is an unreasonable and arbitrary exercise of the State's police power, in violation of the due process guarantees of the State and Federal Constitutions (U.S. Const., amend. XIV; Ill. Const.1970, art. I, § 2).
The legislature has wide discretion in prescribing penalties for defined criminal offenses. (Mathey, 99 Ill.2d at 298, 76 Ill.Dec. 99, 458 N.E.2d 499.) This exercise of the State's police power, however, is subject to the constitutional requirement that a person may not be deprived of liberty without due process of law. The standard for determining whether substantive due process requirements have been met is to examine "`whether the statute is reasonably designed to remedy the evils which the legislature has determined to be a threat to the public health, safety and general welfare.'" (Bradley, 79 Ill.2d at 417, 38 Ill.Dec. 575, 403 N.E.2d 1029, quoting Heimgaertner v. Benjamin Electric Manufacturing Co. (1955), 6 Ill.2d 152, 159, 128 N.E.2d 691.) Although the language used to describe the analysis may differ slightly, the standards for validity under the due process and equal protection clauses are identical. (People v. R.G., 131 Ill.2d at 362, 137 Ill.Dec. 588, 546 N.E.2d 533.) Thus, just as in equal protection analysis, legislation challenged on due process grounds will be upheld if it bears a rational relationship to a legitimate State purpose. (People v. Lindner (1989), 127 Ill.2d 174, 180, 129 Ill.Dec. 64, 535 N.E.2d 829.) Because we have determined that section 12-16(d) is rationally related to the legitimate State goal of protecting minors from overreaching and sexual exploitation by adults, we find that the statute comports with substantive due process.
Reed, however, argues that section 12-16(d) violates due process because the statute may punish less culpable behavior more severely than more culpable behavior. In support of this argument, he notes that, in some cases, the younger "victim" could be the aggressor or the party who exerted undue influence over the older "offender." Under section 12-16(d), the offender nevertheless would be punished as a felon. In contrast, an offender less than five years older than his or her sexual partner who in fact exerted undue influence would be guilty only of a misdemeanor under section 12-15(c). Reed therefore contends that section 12-16(d) bears the same constitutional infirmity identified in People v. Wick (1985), 107 Ill.2d 62, 89 Ill.Dec. 833, 481 N.E.2d 676, and People v. Johnson (1986), 114 Ill.2d 69, 101 Ill.Dec. 882, 499 N.E.2d 470.
In Wick and Johnson, this court held that portions of the aggravated arson statute *460 violated due process. The court noted that a culpable mental state was required for the less serious offense of simple arson, but that the aggravated arson statute did not require the commission of an "arson." (Wick, 107 Ill.2d at 64-65, 89 Ill.Dec. 833, 481 N.E.2d 676; Johnson, 114 Ill.2d at 71, 101 Ill.Dec. 882, 499 N.E.2d 470.) The court concluded if the State's purpose was to provide a more severe penalty for arsonists whose conduct results in injury to firefighters or police, the statute did not bear a reasonable relationship to that purpose because the penalty was not limited to arsonists. Wick, 107 Ill.2d at 66, 89 Ill.Dec. 833, 481 N.E.2d 676.
Reed argues that section 12-16(d) similarly sweeps too broadly by punishing as felons individuals who may not be aggressors or who do not use pressure or persuasion on their younger sexual partners. Thus, he contends that if the statute's purpose is to provide a more severe penalty for aggressors who pressure or exert undue influence over their victims, section 12-16(d) is not rationally related to that goal.
Initially, we note that Reed misunderstands the purpose of the statute. Imposing a greater penalty on adults who engage in sexual conduct with minors is the method chosen by the legislature to protect minors from sexual exploitation by adults, regardless of who may have initiated the encounter. We have determined that the protection of minors is a legitimate State goal.
Moreover, Wick and Johnson are distinguishable from this case. The aggravated arson statute held unconstitutional in Wick and Johnson defined the factors that would enhance the lesser included offense of simple arson to a Class X felony. (Johnson, 114 Ill.2d at 71-72, 101 Ill.Dec. 882, 499 N.E.2d 470.) Criminal sexual abuse, as defined in section 12-15(c), is not a lesser included offense of aggravated criminal sexual abuse as proscribed by section 12-16(d). Instead, section 12-16(d) defines the circumstances under which an unlawful act of "sexual conduct" or "sexual penetration" will be treated as a Class 2 felony. The relative ages of the victim and the accused dictate which statute applies. (See People v. Terrell (1989), 132 Ill.2d 178, 215, 138 Ill.Dec. 176, 547 N.E.2d 145.) Further, portions of the aggravated arson statute were struck down in Wick and Johnson because they did not require an unlawful purpose in setting a fire, and therefore had the potential to punish innocent conduct more severely than the culpable conduct defined in the lesser offense of arson. (Wick, 107 Ill.2d at 66, 89 Ill.Dec. 833, 481 N.E.2d 676; Johnson, 114 Ill.2d at 71-72, 101 Ill.Dec. 882, 499 N.E.2d 470.) In contrast, neither section 12-15(c) nor section 12-16(d) punishes innocent behavior. The legislature has determined that engaging in sexual activity with minors is inherently culpable conduct, and we believe there is a rational basis for that determination.
Reed, however, equates the conduct with which he is charged with innocent behavior. Testimony at a preliminary hearing in this case revealed an ongoing, "consensual" sexual relationship between Reed and the 13-year-old girl he allegedly abused. According to this testimony, the victim became pregnant as a result of the relationship, and Reed intended to marry her as soon as it was legal to do so. Implicit in Reed's due process argument is the belief that sexual activity between an adult and a minor 13 to 16 years old should not be punished as a felony if the minor "consents." Reed maintains that, because the legislature has made some sexual activity between adults and minors 13 to 16 years old a misdemeanor and other such activity a Class 2 felony, the State has recognized that these children "may knowingly consent to sexual acts."
Reed's argument misses the mark in two respects. First, it is the age disparity between the parties, and not their status as adults and minors alone, that enhances the offense. Second, the legislature has determined as a matter of public policy that engaging in sexual activity with a minor 13 to 16 years old constitutes a criminal offense *461 whether or not the younger victim "consents." See Ill.Rev.Stat.1989, ch. 38, par. 12-17(a).
Thus, even if a 13- to 16-year-old child were to be the "aggressor" as Reed suggests, sexual activity between a minor and an adult five or more years older is indefensible. We do not find it irrational for the legislature to designate a five-year age difference as the threshold at which a greater penalty is imposed. (See Mathey, 99 Ill.2d at 300, 76 Ill.Dec. 99, 458 N.E.2d 499 (such determinations, if supported by a rational basis, are entirely within the province of the legislature).) Neither do we find it unreasonable for the State to demand, on pain of criminal prosecution, that an adult resist whatever powers of sexual persuasion the child might possess. Indeed, the State may require that an adult exercise the maturity and judgment called for under the circumstances.
Because section 12-16(d) is rationally related to the legitimate State goal of protecting children between the ages of 13 and 17 from sexual exploitation by adults five or more years their senior, we hold that the statute violates neither the equal protection nor due process guarantees of the Federal and State Constitutions. The trial judge's order declaring section 12-16(d) unconstitutional is therefore vacated, and the cause is remanded for further proceedings consistent with this opinion.
Reversed and remanded.