**In re Tracy ROSENBERGER, Debtor.**

**Carrie McCOMAS, Plaintiff,**

v.

**Tracy ROSENBERGER, Defendant.**

**Bankruptcy No. 96–71004.
Adversary No. 96–7116.**

United States Bankruptcy Court,
C.D. Illinois.

May 15, 1997.

John P. Schwulst, Bloomington, IL, for debtor.

James R. Lindig, Ottawa, IL, for plaintiff.

## OPINION

LARRY LESSEN, Bankruptcy Judge.

The issue before the Court is whether the Debtor, a high school teacher, willfully and maliciously injured the Plaintiff, a 17 year-old high school student, when he had sex with her.

The material facts are not in dispute and both parties have filed motions for summary judgment. The Debtor, Tracy Rosenberger, graduated from Illinois State University in August, 1991. Later that same month, he commenced his employment as a teacher at Dwight Township High School. He continued in his employment at the high school as a teacher, as well as a basketball and track coach, until he was forced to resign in March, 1993.

The Plaintiff, Carrie McComas, was born on July 1, 1975. She was a student at Dwight Township High School during the school years 1991–1992 and 1992–1993. She was a cheerleader for the high school basketball team in 1991–1992. In the spring of 1992, she assisted the Debtor by keeping the records and statistics for the track team during track meets.

On April 4, 1992, the Debtor engaged in sexual intercourse with the Plaintiff. On January 15, 1993, the Debtor again engaged in sexual intercourse with the Plaintiff. As a result of the sexual intercourse on January 15, 1993, the Plaintiff became pregnant and subsequently bore a child, Dakota.

The Debtor does not dispute that he is the father of Dakota. A judgment establishing the paternity of Dakota was docketed on December 1, 1993, and the order was entered on December 13, 1993. The Debtor is paying child support to the Plaintiff for the support of Dakota. The nondischargeability of the Debtor's child support obligation is not at issue in this proceeding.

After the Debtor was forced to resign at the high school, he went to work for Kelly Temporary Service. He was placed as a mortgage loan assistant at a bank in April, 1993. He worked there as a temporary for three or four months, and then was hired on a full-time basis.

In October, 1994, the Debtor was arrested and charged with aggravated criminal sexual abuse. He pled guilty to this charge and was sentenced to three years probation and 120 days periodic imprisonment.

Because of the adverse publicity associated with his arrest, the bank terminated the Debtor's employment in November, 1994. Since then, the Debtor worked on a part-time basis doing basic bookkeeping, accounting and computer work. At the time he filed his bankruptcy petition, he was working as a shipping clerk at a book store.

In June, 1994, the Plaintiff filed a four-count complaint in the state court against the Debtor, the school district and two school officials. The count against the Debtor alleges willful and wanton conduct against the Debtor. The Plaintiff seeks an undetermined amount of damages for the emotional distress and trauma which the Plaintiff has sustained as a result of the Debtor's conduct.

On April 15, 1996, the Debtor filed his petition pursuant to Chapter 7 of the Bankruptcy Code. The Plaintiff was originally omitted from the schedule of creditors, but she was added pursuant to an amendment in May, 1996. The Plaintiff filed a timely complaint to determine dischargeability of debt on July 2, 1996. The complaint alleges that the Debtor's conduct was willful and malicious, and that his debt to the Plaintiff should be determined nondischargeable pursuant to § 523(a)(6) of the Bankruptcy Code. The Debtor does not dispute the facts alleged by the Plaintiff. The Debtor maintains that consensual sexual relations which do not result in physical injury fall outside of the parameters of § 523(a)(6).

Section 523(a)(6) of the Bankruptcy Code states in part as follows:

A discharge under section 727 ... of this title does not discharge an individual debtor from any debt ... for willful and mali-

cious injury by the debtor to another entity. . . .

11 U.S.C. § 523(a)(6).

Courts addressing the question are divided as to the meaning of "willful" and "malicious" within the context of § 523(a)(6). "Much of the struggle has centered on the degree to which an intent to harm or the inevitability of harm is a component of one or both words." *In re Knapp,* 179 B.R. 106, 108 (Bankr. S.D.Ill.1995) (citations omitted).

In *In re Scarlata,* 979 F.2d 521 (7th Cir. 1992), the Court of Appeals for the Seventh Circuit upheld the decisions of the lower courts finding that a debtor's conduct was not malicious because it would not "automatically or necessarily" injure the plaintiff. *Id.* at 526–528. The Seventh Circuit has since adopted a liberal definition of malice:

> We give effect to the words of the statute by viewing their plain meaning. "Under Section 523(a)(6) of the Bankruptcy Code, willful means deliberate or intentional . . . [and][m]alicious means in conscious disregard of one's duties or without just cause or excuse; it does not require ill-will or specific intent to do harm."

*Matter of Thirtyacre,* 36 F.2d 697, 700 (7th Cir.1994) *quoting Wheeler v. Laudani,* 783 F.2d 610, 615 (6th Cir.1986) (citations omitted). In adopting this definition of malice, the court rejected the stricter standard requiring a specific intent to do harm. However, the court left unanswered the question of whether malice or willfulness requires that the act "automatically or necessarily" causes injury.

■ Under the Seventh Circuit's definition of "willful", a plaintiff must show that a defendant acted deliberately and intentionally. *Matter of Thirtyacre,* 36 F.3d at 700. The intent required is intent to do the act at issue, not intent to injure the victim. *In re Britton,* 950 F.2d 602, 605 (9th Cir.1991). In this case, it is clear that the Debtor intended to have sex with the Plaintiff. The fact that the Debtor may have been drinking alcohol at the time he engaged in sexual relations with the Plaintiff is not sufficient to relieve him of the consequences of his acts; the Debtor knew where he was at the time of the sexual relations, what he was doing, and the

age of the Plaintiff. *In re Thirtyacre,* 154 B.R. 497 (Bankr.C.D.Ill.1993), aff'd. 36 F.3d 697 (7th Cir.1994).

■ In order to find malice, the act in question must necessarily lead to or be substantially certain to cause harm. *In re Pourdas,* 206 B.R. 516, 520–21 (Bankr.S.D.Ill. 1997) *citing In re Staggs,* 177 B.R. 92, 96 (N.D.Ind.1995) ("malicious" means a wrongful act done without just cause or excuse which necessarily produces harm); *In re Kemmerer,* 156 B.R. 806, 809 (Bankr. S.D.Ind.1993) ("malicious" means a wrongful act done without just cause or excuse which is substantially certain to cause harm to another or another's property).

■ There is no question that the Debtor committed a wrongful act when he had sexual relations with the Plaintiff. Indeed, his actions constituted a felony under Illinois law. *See* 720 ILCS 5/12–16(f). The Defendant, however, argues that his actions were not malicious because they did not result in physical injury to the Plaintiff. However, an injury under § 523(a)(6) is not limited to bodily injury or physical abuse. *In re Lubanski,* 186 B.R. 160, 167 (Bankr.D.Mass. 1995) (eavesdropping); *In re Caldwell,* 60 B.R. 214, 217 (Bankr.E.D.Tenn.1986) (malicious prosecution); *In re McGuffey,* 145 B.R. 582, 592 (Bankr.N.D.Ill.1992) (civil rights and fair housing); *In re Moore,* 1 B.R. 52 (Bankr. C.D.Cal.1979) (racial discrimination). The harm suffered by the Plaintiff is no less real merely because she did not sustain physical injury. *See, In re Miera,* 926 F.2d 741 (8th Cir.1991) (Debtor willfully and maliciously injured an employee by kissing the employee against his will).

The Debtor further argues that his actions were not malicious because the Plaintiff voluntarily engaged in the consensual sexual relations. The Plaintiff's consent, however, is not a defense under these circumstances. The State of Illinois has a goal of preventing the sexual exploitation of minors by persons significantly older than the victim or in a position of trust or authority over the victim. *People v. Reed,* 148 Ill.2d 1, 169 Ill.Dec. 282, 591 N.E.2d 455 (1992). Accordingly, a person commits aggravated criminal sexual

abuse in Illinois when he commits an act of sexual conduct with a victim who is at least 13 years of age but under 18 years of age when the act was committed, and the accused was 17 years of age or over and held a position of trust, authority or supervision in relation to the victim. *See* 720 ILCS 5/12–16(f). The Debtor pled guilty to this felony. It is presumed under the Illinois state law that a person in the Plaintiff's situation is not capable of giving her consent to a person in the Debtor's position. The Debtor took advantage of his teacher-student relationship with the Plaintiff, and the Plaintiff's consent does not excuse the Debtor's actions.

For the foregoing reasons, summary judgment is granted in favor of Plaintiff and against the Debtor. The Debtor's conduct was both willful and malicious, and the Debtor's liability to Plaintiff is determined to be nondischargeable under 11 U.S.C. § 523(a)(6).

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

### ORDER

For the reasons set forth in an Opinion entered this day,

IT IS THEREFORE ORDERED that summary judgment be and is hereby granted in favor of the Plaintiff, Carrie McComas, and against the Debtor, Tracy Rosenberger, and the Debtor's liability to the Plaintiff is determined to be nondischargeable.