THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. PRINCE OWENS, Defendant-Appellant.

First District (3rd Division)   No. 1—93—1912

Opinion filed June 21, 1995.

Michael J. Pelletier and Gordon H. Berry, both of State Appellate Defender's Office, of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb and Ross M. Eagle, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE GREIMAN delivered the opinion of the court:

Following a bench trial, defendant Prince Owens was convicted of three counts of aggravated discharge of a weapon and was sentenced to 30 months' probation and 30 days of community service.

On appeal, defendant challenges the statute which defines the offense of aggravated discharge of a firearm (720 ILCS 5/24—1.2 (West 1992)) as unconstitutionally vague. We find no such constitutional infirmity and thus affirm.

Numerous charges were brought against defendant and two codefendants, Donnell Posey and Frederick Abhsie, for shooting a gun at various times at three complainants: Donald Laxton, Gary Degnegaard and police officer John McLaughlin.

At trial Donald Laxton testified that on the evening of June 28, 1992, he, Gary Degnegaard and Harold Reed were returning from a fireworks display when they stopped at 160th Street and Clifton Park in Markham to speak with a friend. The friend asked the men if they had seen a group of men who were looking for them. As the friend was speaking, she turned around and said "there they are." Laxton testified that he then observed a black four-door Ford with three male occupants. After the Ford passed, Laxton and his friends proceeded to a nearby alley where they stood on the side of the street. Laxton then observed the black Ford drive past him and stop at a nearby intersection where three men exited the car and began yelling at Laxton and his friends. Laxton then heard a gunshot, observed a flame coming toward him and ran away with his friends. After waiting several minutes, Laxton, Reed and Eddie Porter regrouped near the alleyway. Laxton testified that when he heard two additional gunshots, he ran to the house of a relative.

In his testimony, Gary Degnegaard recounted the same essential facts regarding the initial shooting incident described by Laxton. After the shooting, however, Degnegaard drove to the house of his friend, Markham police officer John McLaughlin, and asked McLaughlin to accompany him back to the scene of the incident. The two men returned to the scene of the shooting and exited Degnegaard's car. McLaughlin then signaled a marked police car in the area, entered the car and left for a short period of time. When he returned, McLaughlin exited the police car and began talking to Degnegaard and Glen Catlett, a man from the neighborhood who had witnessed the shooting. As they were talking, Catlett pointed to a car driving nearby and stated "that's the car you're looking for." Degnegaard turned toward the car and observed the passenger point a gun out the window of the car and fire toward Degnegaard, McLaugh-

lin and Catlett. Officer McLaughlin fired a shot at the car, entered a marked police car and drove away.

McLaughlin corroborated Degnegaard's testimony and further testified that when the suspect vehicle approached them, he recognized the back-seat passenger as Fred Abhsie and the front-seat passenger as Donnell Posey. McLaughlin stated that he then observed Posey lean out of the passenger window and fire one shot in the direction of himself and Degnegaard. McLaughlin in turn fired a single shot at the Ford which shattered the glass on the rear passenger door of the Ford. McLaughlin radioed a description of the Ford and proceeded after the car.

Shortly thereafter, McLaughlin observed the black Ford surrounded by police cars. At the direction of one of the occupants, McLaughlin then proceeded to a nearby location where he recovered a .22-caliber target gun as well as spent and live rounds of corresponding ammunition.

Markham police officer Kevin Wright testified that on June 29, 1992, he interviewed defendant, who gave a statement which indicated that he was driving Posey and Abhsie around in a black Ford as Posey shot at white men. Defendant also stated that at one point Posey fired at white police officers who subsequently chased and apprehended them. Posey and Abhsie made similar statements to the police and an assistant State's Attorney.

On appeal, defendant contends the statute concerning the aggravated discharge of a firearm is unconstitutionally vague because its prohibition of the knowing discharge of a weapon "in the direction of" another person does not sufficiently specify the prohibited behavior.

■ Section 24—1.2 of the Criminal Code of 1961 provides in pertinent part:

> "(a) A person commits aggravated discharge of a firearm when he knowingly ***:
> ***
>
> (2) Discharges a firearm in the direction of another person or in the direction of a vehicle he knows to be occupied." 720 ILCS 5/24—1.2 (West 1992).

■ The due process clauses of the United States and Illinois Constitutions (U.S. Const., amend. XIV; Ill. Const. 1970, art. I, § 2) require that the proscriptions of a criminal statute be clearly defined and provide definite warnings as to the proscribed conduct. (*Grayned v. City of Rockford* (1972), 408 U.S. 104, 108, 33 L. Ed. 2d 222, 227, 92 S. Ct. 2294, 2298-99; *People v. Jihan* (1989), 127 Ill. 2d 379, 385, 537 N.E.2d 751.) Definiteness is necessary so that "the person of ordinary

intelligence [has] a reasonable opportunity to know what is prohibited, so that he may act accordingly." (*Grayned*, 408 U.S. at 108, 33 L. Ed. 2d at 227, 92 S. Ct. at 2298-99.) Definite standards are also required to avoid arbitrary or discriminatory enforcement and application by law-enforcement officers and triers of fact. (*People v. Fabing* (1991), 143 Ill. 2d 48, 53, 570 N.E.2d 329; *People v. Haywood* (1987), 118 Ill. 2d 263, 269, 515 N.E.2d 45.) Due process does not require an impossible standard of preciseness of language and expression but rather is satisfied where the statute's language and meaning are sufficiently definite when measured by common understanding and practices. *People v. Meyers* (1994), 158 Ill. 2d 46, 58, 630 N.E.2d 811.

■ Unless first amendment freedoms are implicated, a constitutional challenge to a statute based on vagueness must be examined in the light of the facts of the case at hand. (*United States v. Mazurie* (1975), 419 U.S. 544, 550, 42 L. Ed. 2d 706, 713, 95 S. Ct. 710, 714; *Jihan*, 127 Ill. 2d at 385.) To prevail in a vagueness challenge to a statute that does not involve first amendment concerns, the defendant must demonstrate that the statute was vague as applied to the conduct for which he was prosecuted. *Jihan*, 127 Ill. 2d at 385.

■ In the present case, no first amendment issue is involved and thus to succeed on a vagueness challenge, defendant must demonstrate that the statute did not provide clear notice that his conduct was prohibited. (*Jihan*, 127 Ill. 2d at 385-86; *People v. Simpson* (1994), 268 Ill. App. 3d 305, 314-15, 643 N.E.2d 1262.) The testimony of three eyewitnesses (Laxton, Degnegaard and McLaughlin) established that on the night of June 28, 1992, a passenger in the car being driven by defendant pointed and fired a gun at them. Officer Wright testified that defendant gave a statement in which he indicated that he drove co-offenders Posey and Abhsie around as Posey fired a gun at civilian men and police officers. Both Posey and Abhsie gave similar accounts in their inculpatory statements to police. Under the facts of this case, we find no merit to defendant's contention that the terms "in the direction of another person," as used in the statute, failed to provide clear notice that the behavior described above was prohibited.

Lest there be any confusion as to the scope of this decision, the language of the statute is not only understandable in the factual context of this case but is amply clear for any person of reasonable or even limited intelligence to understand that it is not permissible to discharge a weapon in the direction of another person. Whether the discharge is actually in the direction of another person is a question of fact which triggers the application of the statute.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

CERDA and TULLY, JJ., concur.