685 N.E.2d 631 (1997)
291 Ill. App.3d 955
226 Ill.Dec. 376
In re T.W., a Minor (The People of the State of Illinois, Petitioner-Appellee,
v.
T.W., Respondent-Appellant).
No. 1-96-2705.
Appellate Court of Illinois, First District, Fifth Division.
August 22, 1997.
*633 Rita Fry, Public Defender of Cook County, Chicago (James N. Perlman, of counsel), for Respondent-Appellant.
Richard A. Devine, State's Attorney of Cook County, Chicago (Renee Goldfarb, Veronica X. Calderon, Morris A. Anyah, of counsel), for Petitioner-Appellee.
Justice SOUTH delivered the opinion of the court:
Minor-respondent, T.W., was charged by way of a petition for adjudication of wardship with committing the offense of criminal sexual assault, two counts of criminal sexual abuse and aggravated criminal sexual abuse. At the time the acts took place, respondent was 16 years old, and the complainant, M.B., was 15 years old.
After a bench trial, the court found that the relations between the two minors were consensual and sustained respondent's motion for a directed finding on the charges of criminal sexual assault and aggravated criminal sexual abuse. The court did, however, find respondent delinquent on two counts of criminal sexual abuse under sections 12-15(b) and (c) of the Criminal Code of 1961 (720 ILCS 5/12-15(b), (c) (West 1996)). Thereafter, the court ordered that the case be closed but indicated that its adjudication of delinquency was to stand. Respondent appeals.
Initially, we note that the State has moved to strike the supplemental portion of the record that contains respondent's motion to reconsider. The State argues that respondent's motion to reconsider does not reflect that it was ever filed before the clerk of the *634 circuit court. The record of proceedings for June 11, 1996, indicates that the circuit court considered and then denied a post-trial motion by respondent. A copy of this motion was not included in the record on appeal. Respondent filed a supplemental record with this court that contained the post-trial motion to reconsider. On December 11, 1996, the respondent's motion was granted by this court, and that order will stand. Accordingly, the State's motion to strike the supplemental portion of the record that contains respondent's motion to reconsider is denied.
On appeal, respondent first contends that section 12-15(b) (720 ILCS 5/12-15(b) (West 1996)) is unconstitutionally vague and in violation of due process because it contains no minimum objective standards for law enforcement officials to determine which of two minors who engage in consensual sex is the accused and which is the victim for purposes of prosecution. Respondent also argues that the statute is not rationally related to its subject matter because it punishes minors who are intended to be protected.
The State counters that section 12-15(b) is not unconstitutionally vague inasmuch as the language of the statute provides sufficient objective standards to guide law enforcement officials in its application and that the statute is rationally related to a legitimate state goal. The State also contests the respondent's standing to raise a facial challenge to section 12-15(b).
We first address the State's contention that defendant does not have standing. According to the State, respondent lacks standing to raise a facial challenge to section 12-15(b) that his conduct clearly falls within the proscription of the statute and the statute does not implicate first amendment rights.
In this instance, however, respondent does not contest the constitutionality of the statute on the basis that it fails to give adequate notice of what conduct is proscribed. Rather, respondent contests the validity of a statute that has criminalized certain acts in which he and the complainant engaged on the basis that it provides no objective standards to guide law enforcement officials in determining which of the two minors is the accused and which is the victim for purposes of prosecution. Respondent also contests the validity of the statute on the basis that it is not rationally related to the subject matter of protecting minors from the consequences of premature sexual experiences.
The facts of the case implicate what respondent claims to be the statute's constitutional infirmities, i.e., that the standards set forth in the statute are unconstitutionally vague and are not rationally related to its subject matter as applied to him. Thus, respondent has standing.
Section 12-15(b) of the Criminal Code provides:
"The accused commits criminal sexual abuse if the accused was under 17 years of age and commits and act of sexual penetration or sexual conduct with a victim who was at least 9 years of age but under 17 years of age when the act was committed." 720 ILCS 5/12-15(b) (West 1996).
The primary rule of statutory construction is to ascertain and give effect to legislative intent. People v. Zaremba, 158 Ill.2d 36, 196 Ill.Dec. 632, 630 N.E.2d 797 (1994). An inquiry into the intention of the legislature appropriately begins with the language of the statute. Zaremba, 158 Ill.2d 36, 196 Ill.Dec. 632, 630 N.E.2d 797. Where statutory language is clear, it will be given effect without resorting to other aids for construction. Zaremba, 158 Ill.2d 36, 196 Ill.Dec. 632, 630 N.E.2d 797.
Moreover, all statutes are presumed to be constitutionally valid. People v. Kimbrough, 163 Ill.2d 231, 206 Ill.Dec. 84, 644 N.E.2d 1137 (1994). The party challenging the statute's validity has the burden of clearly establishing the statute's alleged constitutional infirmities. Kimbrough, 163 Ill.2d 231, 206 Ill.Dec. 84, 644 N.E.2d 1137. In construing a statute, this court has a duty to affirm the statute's validity and constitutionality if reasonably possible. Kimbrough, 163 Ill.2d 231, 206 Ill.Dec. 84, 644 N.E.2d 1137. If the statute's construction is doubtful, we must resolve all doubts in favor of the statute's validity. Kimbrough, 163 Ill.2d 231, 206 Ill. Dec. 84, 644 N.E.2d 1137.
*635 The due process clauses of the United States and Illinois Constitutions (U.S. Const., amend. XIV; Ill. Const. 1970, art. I, § 2) require that the proscriptions of a criminal statute be clearly defined and provide definite warnings as to the proscribed conduct. People v. Owens, 273 Ill.App.3d 490, 210 Ill. Dec. 423, 653 N.E.2d 10 (1995). These requirements further three important policies: (1) that they give a person of ordinary intelligence a reasonable opportunity to know what is prohibited so that he may conform his conduct to the requirements of the law; (2) that they provide standards that serve to prevent the arbitrary or discriminatory application of the law by police, judges or juries; and (3) that, where first amendment rights are implicated, they insulate the exercise of those rights from the chilling effect created by fear that such conduct may fall within the statute's prohibitions. People v. Secor, 279 Ill.App.3d 389, 216 Ill.Dec. 126, 664 N.E.2d 1054 (1996).
Due process does not require an impossible standard of preciseness of language and expression but, rather, is satisfied where the statute's language and meaning are sufficiently definite when measured by common understanding and practices. People v. Meyers, 158 Ill.2d 46, 196 Ill.Dec. 646, 630 N.E.2d 811 (1994). The standard used to determine whether a statute violates the due process clause is "whether the statute is reasonably designed to remedy the evils which the legislature has determined to be a threat to the public health, safety and general welfare." People v. Bradley, 79 Ill.2d 410, 417, 38 Ill.Dec. 575, 403 N.E.2d 1029 (1980).
When a statute that does not involve first amendment rights is challenged as being unconstitutionally vague on its face, it will be so considered only where it is incapable of any valid application in the sense that no standard of conduct is specified at all. People v. Burpo, 164 Ill.2d 261, 207 Ill.Dec. 503, 647 N.E.2d 996 (1995). Applying these principles to the present case, we find that the statute is sufficiently clear.
Here, no first amendment issue is involved, and respondent challenges the validity of section 12-15(b) on its face. We need only look to a situation where a 16-year-old engages in a sexual act with a 9-year-old, to determine that the statute is capable of some valid application. Section 12-15(b) does not require the element of force. When a minor is accused of committing an act of sexual penetration or sexual conduct upon another minor, even though the act was consensual, if the accused is under 17 years of age and the victim is at least 9 years of age but under 17 years of age when the act was committed, the statute's validity is unquestionable.
Moreover, where, as here, two minors engage in a consensual sexual act, the statute may validly be applied to prosecute both minors on the basis that each is the victim of the other. Because section 12-15(b) may validly be applied to proscribe sexual acts between 9-year-olds and 16-year-olds, respondent's facial challenge must fail.
Respondent further contends that section 12-15(b) is unconstitutional as applied to him because the circuit court found that the sexual act between the parties was consensual and the statute lacks objective standards for distinguishing between the accused and the victim. We disagree.
The legislatively determined definitions of "accused" and "victim" are as follows:
"`Accused' means a person accused of an offense prohibited by Sections 12-13, 12-14, 12-15 or 12-16 of this Code or a person for whose conduct the accused is legally responsible under Article 5 of this Code." 720 ILCS 5/12-12(a) (West 1996).
"`Victim' means a person alleging to have been subjected to an offense prohibited by Sections 12-13, 12-14, 12-15 or 12-16 of this Code." 720 ILCS 5/12-12(g) (West 1996).
The statutory prerequisite for characterizing respondent as the accused and M.B. as the victim was that M.B. alleged that respondent subjected her to an offense prohibited by sections 12-13(a)(1), 12-15(b) and (c) and 12-16(c)(2)(ii). Absent any such allegations, respondent would not have been characterized the accused and M.B. would not have been characterized the victim.
*636 Once M.B. filed her complaint alleging that respondent subjected her to an offense prohibited by the statute, the legislative definitions of the terms "accused" and "victim" were sufficient objective standards to guide law enforcement officials, for purposes of prosecution. In addition, as noted above, where two minors engage in a consensual sexual act, section 12-15(b) may validly be applied to prosecute both minors because each is a victim of the other.
Respondent further contends that section 12-15(b) is unconstitutionally vague, thereby violating his right to due process because it is not rationally related to its subject matter. Respondent argues that this is so because the statute punishes those it was designed to protect.
In Reed, the supreme court observed that the overall purpose of sections 12-15(c) and 12-16(d) was to protect children who are 13 to 16 years old from the consequences of premature sexual experiences. People v. Reed, 148 Ill.2d 1, 169 Ill.Dec. 282, 591 N.E.2d 455 (1992). Under section 12-15(b), an accused who engages in sexual acts with a victim who was at least 9 years of age but under 17 years of age is guilty of a misdemeanor if the accused was under 17 years of age when the act was committed. 720 ILCS 5/12-15(b) (West 1996). With the teachings of Reed in mind, section 12-15(b) makes it clear that its overall purpose is to protect children who are 9 to 16 years old from the consequences of premature sexual experiences.
In the present case, the statutory prerequisite for characterizing respondent as the accused was satisfied, thereby creating the possibility that respondent could be punished under section 12-15(b), when the victim alleged that respondent subjected her to an offense prohibited by the statute. Although respondent was a 16-year-old and, therefore, a member of the class section 12-15(b) was designed to protect, his prosecution under the statute did not violate his due process rights. Once respondent assumed the status of an accused as defined under the statute, he relinquished his right to protection and was subject to prosecution under section 12-15(b).
The legislature has determined that section 12-15(b) is a rational means by which 9- to 16-year-olds may be protected from the consequences of premature sexual experiences. The supreme court has already determined that the protection of minors is a legitimate state goal. Reed, 148 Ill.2d 1, 169 Ill.Dec. 282, 591 N.E.2d 455. The fact that section 12-15(b) protects the victim and punishes those who assume the status of an accused does not violate due process because the statute is rationally related to the legitimate state goal of protecting children 9 to 16 years old from the consequences of premature sexual experiences. Accordingly, respondent's due process challenge must fail.
Respondent next contends that section 12-15(c) (720 ILCS 5/12-15(c) (West 1996)) violates the due process and equal protection clauses, as applied to him, because the statute is not rationally related to its subject matter, given the fact that the only minimum objective standard it contains is the age of the accused and because it punishes those it protects.
The State responds that section 12-15(c) is not unconstitutionally vague because there are sufficient objective standards to guide law enforcement in its application and the statute is rationally related to a legitimate state goal.
As with due process, the test for an equal protection violation is the same under either the federal or state constitution. U.S. Const., amend XIV; Ill. Const.1970, art. 1, § 2; People v. Shephard, 152 Ill.2d 489, 178 Ill.Dec. 724, 605 N.E.2d 518 (1992). The constitutional right to equal protection of the law guarantees that the state will treat similarly situated persons in a similar manner. Shephard, 152 Ill.2d 489, 178 Ill.Dec. 724, 605 N.E.2d 518 (1992). The state retains the power to classify and draw lines that treat different classes of persons differently. Shephard, 152 Ill.2d 489, 178 Ill.Dec. 724, 605 N.E.2d 518. However, the state may not arbitrarily exercise its power to classify. Reed, 148 Ill.2d 1, 169 Ill.Dec. 282, 591 N.E.2d 455. Only when the law "lays an unequal hand on those who have committed intrinsically the same quality of offense" does the equal protection clause *637 come into play. Bradley, 79 Ill.2d at 416, 38 Ill.Dec. 575, 403 N.E.2d 1029. The equal protection guarantee prohibits the state from statutorily dividing persons into different classes and from providing different treatment of each class for reasons wholly unrelated to the purpose of the legislation. Reed, 148 Ill.2d 1, 169 Ill.Dec. 282, 591 N.E.2d 455.
To ensure that the state has not exercised its power to classify arbitrarily, this court has used two standards of judicial review. Strict scrutiny is applied to certain "suspect" classifications, such as those based on race, and to statutes that impinge on fundamental constitutional rights. Reed, 148 Ill.2d at 7, 169 Ill.Dec. 282, 591 N.E.2d 455. Where a statutory classification neither impinges on a fundamental constitutional right nor is based on a "suspect" class, such as race, a court will use the "rational basis" test to review the statute's validity. Reed, 148 Ill.2d 1, 169 Ill.Dec. 282, 591 N.E.2d 455. In the present case, we apply the rational basis test.
Section 12-15(c) of the Criminal Code provides:
"The accused commits criminal sexual abuse if he or she commits an act of sexual penetration or sexual conduct with a victim who was at least 13 years of age but under 17 years of age and the accused was less than 5 years older than the victim." 720 ILCS 5/12-15(c) (West 1996).
As previously noted, our supreme court has stated that the purpose of section 12-15(c) is to protect children who are 13 to 16 years old from the consequences of premature sexual experiences. Reed, 148 Ill.2d 1, 169 Ill.Dec. 282, 591 N.E.2d 455. There is a rational relationship between the age classification created by section 12-15(c), a disparity of less than five years in age, and the purpose behind the statute.
Sexual relations between partners with a disparity of less than five years in age expose children who are 13 to 16 years old to the consequences of premature sexual experiences as do sexual relations between partners with a disparity of more than five years in age. The supreme court has recognized that, under section 12-15(c), "anyone who engages in sexual acts with a minor, including another minor, is guilty of a misdemeanor if the age difference between the parties is less than five years." Reed, 148 Ill.2d at 9, 169 Ill.Dec. 282, 591 N.E.2d 455.
Respondent correctly notes that, when young sexual partners are less than five years apart in age, their levels of maturity are more nearly equal and the opportunity for overreaching is diminished. Reed, 148 Ill.2d 1, 169 Ill.Dec. 282, 591 N.E.2d 455. The purpose of section 12-15(c), however, is to protect children 13 to 16 years old from the consequences of premature sexual experiences through experimentation. In contrast, section 12-16(d), whereby accused sexual partners who are more than five years older than their victims are charged with a class 2 felony, was enacted to protect children from sexual overreaching. Compare 720 ILCS 5/12-15(c) (West 1996) with 720 ILCS 5/12-16(d) (West 1996).
As noted by the circuit court, "there is a public policy against underage sex with good reason in the State" and, furthermore, "teenage pregnancies are a big problem and this is what the legislature does." The legislature rationally concluded that sexual experimentation between children 13 to 16 years old with partners five or less years older than themselves exposes children to the consequences of premature sexual experiences. Inasmuch as the parties' ages are less than five years apart, the statutory scheme provides for a lesser degree of punishment than in those cases where there is an age disparity of five or more years between the parties. Accordingly, we find that section 12-15(c)'s age classification is a reasonable and rational means towards a legitimate state goal.
Respondent further contends that section 12-15(c) is unconstitutional because the statute punishes those it was designed to protect. We have addressed this argument with respect to section 12-15(b). Respondent was in the class to be protected under the statute. However, once he assumed the status of an accused as defined under the statute, he relinquished his right to protection and was subject to prosecution under the statute. For the foregoing reasons, we find that section 12-15(c) comports with the equal protection clause.
*638 Although expressed in slightly different language, the standard used to determine the constitutionality of a statute under the equal protection and due process clauses is identical. Reed, 148 Ill.2d 1, 169 Ill.Dec. 282, 591 N.E.2d 455. As in the case of equal protection, legislation challenged on due process grounds will be upheld if it is rationally related to a legitimate state goal. Reed, 148 Ill.2d 1, 169 Ill.Dec. 282, 591 N.E.2d 455.
We have previously held that section 12-15(c) is rationally related to the state's legitimate goal of protecting children who are 13 to 16 years old from the consequences of premature sexual experiences and, therefore, comports with the equal protection clause. Consequently, we hold that section 12-15(c) also comports with the due process clause.
For reasons stated above, we reject respondents' vagueness challenge to sections 12-15(b) and (c) (720 ILCS 5/12-15(b), (c) (West 1996)). Therefore, we hold that the statutory schemes under consideration are constitutional. The judgment of the circuit court's finding of delinquency as to the two counts of criminal sexual abuse is affirmed.
Affirmed.
HOFFMAN and HOURIHANE, JJ., concur.