# Illinois Official Reports

## Appellate Court

---

**In re Maurice D., 2015 IL App (4th) 130323**

---

| | |
|---|---|
| Appellate Court Caption | In re: MAURICE D., a Minor, THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, v. MAURICE D., Respondent-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-13-0323 |
| Filed | May 29, 2015 |
| Decision Under Review | Appeal from the Circuit Court of McLean County, No. 12-JD-47; the Hon. Elizabeth A. Robb, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Michael J. Pelletier, Jacqueline L. Bullard, and Janieen R. Tarrance (argued), all of State Appellate Defender's Office, of Springfield, for appellant.<br><br>Jason Chambers, State's Attorney, of Bloomington (Patrick Delfino, David J. Robinson, and Linda Susan McClain (argued), all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |

| Panel | JUSTICE HARRIS delivered the judgment of the court, with opinion. Presiding Justice Pope and Justice Knecht concurred in the judgment and opinion. |

**OPINION**

¶ 1    Following a February 2013 bench trial, the trial court adjudicated respondent delinquent, finding the evidence supported a conviction for criminal sexual abuse (720 ILCS 5/11-1.50(c) (West 2010)) beyond a reasonable doubt. In April 2013, the court sentenced respondent to 12 months' conditional discharge and ordered him to serve 30 days in the McLean County jail, with credit for 7 days served. As a result of his conviction, respondent must register as a sex offender. 730 ILCS 150/3-5(a) (West 2010).

¶ 2    Respondent appeals, asserting that the prosecution of a minor who engages in "consensual" sexual activity with another close-in-age minor for an imprisonable misdemeanor offense violates (1) the cruel and unusual punishment clause of the eighth amendment to the United States Constitution and the proportionate penalties clause of the Illinois Constitution and (2) substantive due process. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4    In July 2012, the State filed a petition for adjudication of wardship alleging that respondent, born in 1994, committed the offense of criminal sexual abuse (720 ILCS 5/11-1.50(c) (West 2010)), a Class A misdemeanor (720 ILCS 5/11-1.50(d) (West 2010)). Specifically, the petition alleged that on or about August 22, 2011, respondent–who was 17 years old at the time–"knowingly committed an act of sexual penetration with D.F. involving the penis of respondent minor and the vagina of D.F.," and that the act was committed at a time when D.F. was at least 13 years old but under the age of 17 and respondent was less than 5 years older than D.F.

¶ 5    On February 25, 2013, respondent's bench trial commenced. The specific details of the evidence presented are not relevant to the disposition of this appeal. We do note, however, the evidence revealed that D.F. was 15 years old and respondent was 17 years old at the time of the offense and that there was conflicting evidence on whether the female victim voluntarily engaged in the sexual act. At the close of evidence, the trial court adjudicated respondent delinquent, finding the State proved beyond a reasonable doubt that respondent committed the offense of criminal sexual abuse (720 ILCS 5/11-1.50(c) (West 2010)). The court did not offer an opinion regarding whether the female victim voluntarily engaged in the sexual act.

¶ 6    On April 8, 2013, the trial court sentenced respondent to 12 months' conditional discharge and ordered him to serve 30 days in the McLean County jail, with credit for 7 days served. As a result of his conviction, respondent must register as a sex offender. 730 ILCS 150/3-5(a) (West 2010).

¶ 7    This appeal followed.

¶ 8                                    II. ANALYSIS

¶ 9          On appeal, respondent argues that the prosecution of a minor who engages in "consensual" sexual activity with another close-in-age minor for an imprisonable misdemeanor offense (1) constitutes cruel and unusual punishment in violation of the eighth amendment to the United States Constitution (U.S. Const., amend. VIII) and the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11) and (2) violates substantive due process.

¶ 10                  A. State's Challenges to Respondent's Appeal

¶ 11         Before addressing respondent's claims on appeal, we first address the State's contentions that (1) this appeal is moot and (2) respondent lacks standing.

¶ 12                                    1. *Mootness*

¶ 13         The State asserts that this appeal is moot because respondent has already served his 12-month conditional-discharge sentence and no exception to the mootness doctrine applies.

¶ 14         "An appeal is moot if no controversy exists or if events have occurred which foreclose the reviewing court from granting effectual relief to the complaining party." *In re Shelby R.*, 2013 IL 114994, ¶ 15, 995 N.E.2d 990. "As a general rule, courts in Illinois do not decide moot questions, render advisory opinions, or consider issues where the result will not be affected regardless of how those issues are decided." *In re Alfred H.H.*, 233 Ill. 2d 345, 351, 910 N.E.2d 74, 78 (2009).

¶ 15         In this case, respondent was sentenced to 12 months' conditional discharge on April 8, 2013. As the State correctly points out, respondent has already served his sentence of conditional discharge. The State cites *Shelby R.*, 2013 IL 114994, ¶ 15, 995 N.E.2d 990, for the proposition that, "[w]here *** [an] appeal involves the validity of a sentence, such appeal is rendered moot if the sentence has been served." Although respondent did not reply to the State's contention his appeal is moot in his reply brief, we note that respondent is not challenging his conditional-discharge sentence. Rather, respondent is challenging his prosecution and subsequent conviction–a conviction which mandates sex-offender registration–on constitutional grounds. See *In re Christopher K.*, 217 Ill. 2d 348, 359, 841 N.E.2d 945, 952 (2005) ("the completion of a defendant's sentence renders a challenge to the sentence moot, but not a challenge to the conviction" because "[n]ullification of a conviction may hold important consequences for a defendant"). Here, for example, nullification of respondent's conviction would eliminate the requirement that he register as a sex offender. Because the issues raised by respondent in this appeal concern the validity of his prosecution and conviction for criminal sexual abuse, we conclude his appeal is not moot.

¶ 16                                    2. *Standing*

¶ 17         The State further contends that respondent does not have standing to bring the above arguments because the underlying sexual activity at issue here was not "consensual" or "normative." Respondent counters that the offense for which he was convicted does not require proof of force.

¶ 18         " 'The purpose of the doctrine of standing is to ensure that courts are deciding actual, specific controversies, and not abstract questions or moot issues.' " *In re M.I.*, 2013 IL 113776,

¶ 32, 989 N.E.2d 173 (quoting *In re Marriage of Rodriguez*, 131 Ill. 2d 273, 279-80, 545 N.E.2d 731, 734 (1989)). "In order to have standing to bring a constitutional challenge, a person must show himself to be within the class aggrieved by the alleged unconstitutionality." *Id*.

¶ 19    The statute at issue provides that "[a] person commits criminal sexual abuse if that person commits an act of sexual penetration or sexual conduct with a victim who is at least 13 years of age but under 17 years of age and the person is less than 5 years older than the victim." 720 ILCS 5/11-1.50(c) (West 2010).

¶ 20    The statute under which respondent was charged and adjudicated delinquent required only that the State prove respondent committed sexual penetration or sexual conduct with D.F. at a time when D.F. was at least 13 years of age but less than 17 years of age and respondent was less than 5 years older than her. See 720 ILCS 5/11-1.50(c) (West 2010). Whether D.F. voluntarily engaged in the sexual act is not relevant or necessary for an adjudication of delinquency for the charged offense. Thus, respondent is within the class of persons affected by the alleged unconstitutionality and has standing.

¶ 21                                B. Standard of Review

¶ 22    A strong presumption exists that statutes are constitutional, and a reviewing court must find a statute constitutional whenever reasonably possible. *People v. Mosley*, 2015 IL 115872, ¶ 22. "To overcome this presumption, the party challenging the statute must clearly establish its invalidity." *Id*. "A challenge to the facial validity of a statute is the most difficult challenge to mount successfully because an enactment is invalid on its face only if no set of circumstances exists under which it would be valid." *In re Shermaine S.*, 2015 IL App (1st) 142421, ¶ 15, 25 N.E.3d 723. If a statute can be validly applied in any situation, a facial challenge must fail. *Id*. (quoting *People v. Kitch*, 239 Ill. 2d 452, 466, 942 N.E.2d 1235, 1243 (2011)). The constitutionality of a statute is reviewed *de novo*. *Mosley*, 2015 IL 115872, ¶ 22.

¶ 23            C. Respondent's Eighth Amendment and Proportionate Penalties Challenge

¶ 24    Respondent first asserts that the prosecution of a minor who engages in "consensual" sexual activity with another close-in-age minor for an imprisonable misdemeanor offense constitutes cruel and unusual punishment in violation of the eighth amendment to the United States Constitution and the proportionate penalties clause of the Illinois Constitution. According to respondent, "the current range of punishment is unnecessarily harsh and out of proportion to the social harm it causes."

¶ 25    The cruel and unusual punishment clause of the United States Constitution, which is made applicable to the states through the fourteenth amendment, provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const., amends. VIII, XIV. The proportionate penalties clause of the Illinois Constitution–which is coextensive with the eighth amendment–provides that "[a]ll penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." Ill. Const. 1970, art. I, § 11; *In re Rodney H.*, 223 Ill. 2d 510, 520-21, 861 N.E.2d 623, 630 (2006).

¶ 26    In *Rodney H.*, the Illinois Supreme Court held that neither the proportionate penalties clause of the Illinois Constitution nor the eighth amendment's cruel and unusual punishment

clause of the United States Constitution applies to juvenile proceedings initiated by adjudication of wardship. The court explained that delinquency proceedings are protective in nature and that the overall goal of the Juvenile Court Act of 1987 (Juvenile Court Act) (705 ILCS 405/1-1 to 7-1 (West 2010))–even after the 1999 amendments, which shifted the " 'singular goal of rehabilitation to include the overriding concerns of protecting the public and holding juvenile offenders accountable for violations of the law' "–is to correct and rehabilitate minors, not punish them. *Rodney H*., 223 Ill. 2d at 520, 831 N.E.2d at 630 (quoting *In re A.G.*, 195 Ill. 2d 313, 317, 746 N.E.2d 732, 735 (2001)). As such, the court reasoned that a petition for adjudication of wardship is neither criminal in nature nor a direct action by the State to inflict punishment upon a juvenile, and accordingly, neither the cruel and unusual punishment clause nor the proportionate penalties clause applies in such cases. *Id*. at 520-21, 831 N.E.2d at 630.

¶ 27        Here, the proceedings were initiated by the State's filing of a petition for adjudication of wardship that alleged respondent committed the offense of criminal sexual abuse (720 ILCS 5/11-1.50(c) (West 2010)). Respondent was tried in the juvenile court and adjudicated delinquent of the charged offense rather than convicted of a criminal offense. Based on the supreme court's precedent in *Rodney H*., we find that neither the eighth amendment's cruel and unusual punishment clause of the United States Constitution nor the proportionate penalties clause of the Illinois Constitution applies to respondent's juvenile adjudication.

¶ 28        We note that in his reply brief, respondent cites *People v. Perea*, 347 Ill. App. 3d 26, 36, 807 N.E.2d 26, 35 (2004) (quoting *In re M.C.*, 319 Ill. App. 3d 713, 720, 745 N.E.2d 122, 127 (2001)), for the proposition that the Juvenile Court Act is statutory in nature, and thus, " 'the legislature has the authority to define the limits of the juvenile system.' " Respondent then cites to the Juvenile Court Act, which provides as follows: "In all procedures under this Article, minors shall have all the procedural rights of adults in criminal proceedings, unless specifically precluded by laws that enhance the protection of such minors. Minors shall not have the right to a jury trial unless specifically provided by this Article." 705 ILCS 405/5-101(3) (West 2010). According to respondent, based on the above, he is entitled to all the constitutional protections an adult would have with the exception of trial by jury. While the Juvenile Court Act clearly provides a juvenile with all the *procedural* rights available to adults in criminal proceedings, unless otherwise precluded, we do not agree its reach extends to *substantive* rights, such as those provided by the constitutional provisions respondent challenges herein.

¶ 29                                    D. Substantive Due Process

¶ 30        Respondent next argues that the prosecution of a minor who engages in "consensual" sexual activity with another close-in-age minor for an imprisonable misdemeanor offense violates the substantive due process clauses of the United States and Illinois Constitutions (U.S. Const., amend. XIV; Ill. Const. 1970, art. I, § 2). Specifically, respondent asserts that "it is unreasonable to prohibit sexual conduct between close-in-age minors, as charged in the present case, in an effort to protect minors because the prohibition imposes a stigmatizing and harsh penalty on normal developmental conduct of teenagers." According to respondent, the available penalties for a violation of section 11-1.50(c) of the Criminal Code of 1961 (Code) (720 ILCS 5/11-1.50(c) (West 2010)) are "too harsh to be a reasonable method of protection."

¶ 31    The due process clause of the United States Constitution provides that no "State [shall] deprive any person of life, liberty, or property, without due process of law." U.S. Const., amend. XIV, § 1. Similarly, the due process clause of the Illinois Constitution provides that "[n]o person shall be deprived of life, liberty or property without due process of law." Ill. Const. 1970, art. I, § 2. " 'Under substantive due process ***, a statute is unconstitutional if it impermissibly restricts a person's life, liberty or property interest.' " *People v. Johnson*, 225 Ill. 2d 573, 584, 870 N.E.2d 415, 421 (2007) (quoting *People v. R.G.*, 131 Ill. 2d 328, 342, 546 N.E.2d 533, 540 (1989)).

¶ 32    Respondent concedes that where no fundamental liberty interest is at stake–as is the case here–the challenged law need only survive the rational basis test. *People v. Hollins*, 2012 IL 112754, ¶ 15, 971 N.E.2d 504. "A statute will be upheld under the rational basis test so long as it bears a rational relationship to a legitimate legislative purpose and is neither arbitrary nor unreasonable." *Id*. "In applying the rational basis test, the court must first ascertain the statute's public purpose in order to test whether its provisions reasonably implement that purpose." *Id*. ¶ 18, 971 N.E.2d 504. "If there is any conceivable set of facts to show a rational basis for the statute, it will be upheld." *Johnson*, 225 Ill. 2d at 585, 870 N.E.2d at 422.

¶ 33    The statute at issue here provides that a "person [who] commits an act of sexual penetration or sexual conduct with a victim" between the ages of 13 and 16, when the person is less than 5 years older than the victim, commits the Class A misdemeanor offense of criminal sexual assault and is required to register as a sex offender. 720 ILCS 5/11-1.50(c), (d) (West 2010); 730 ILCS 150/3-5(a) (West 2010). In *People v. Reed*, 148 Ill. 2d 1, 9, 591 N.E.2d 455, 458 (1992), the Illinois Supreme Court noted that the criminal sexual abuse statute (Ill. Rev. Stat. 1987, ch. 38, ¶ 12-15(c) (now 720 ILCS 5/11-1.50(c) (West 2010))) and the aggravated criminal sexual abuse statute (Ill. Rev. Stat. 1987, ch. 38, ¶ 12-16(d) (now 720 ILCS 5/11-1.60(d) (West 2010))) "make clear that their overall purpose is to protect children who are 13 to 16 years old from the consequences of premature sexual experiences."

¶ 34    In *In re T.W.*, 291 Ill. App. 3d 955, 962, 685 N.E.2d 631, 636 (1997), the First District noted, "[t]he legislature has determined that section 12-15(b) is a rational means by which 9- to 16-year-olds may be protected from the consequences of premature sexual experiences." Section 12-15(b), which is now section 11-1.50(b) of the Code, makes it a crime for a person under the age of 17 to engage in sexual penetration or sexual conduct with a victim who is between the ages of 9 and 16. *Id*. at 960, 685 N.E.2d at 635. The court concluded that section 12-15(b) of the Code "does not violate due process because the statute is rationally related to the legitimate state goal of protecting children 9 to 16 years old from the consequences of premature sexual experiences." *Id*. at 962, 685 N.E.2d at 636. Likewise, the court further concluded that section 12-15(c) of the Code, now section 11-1.50(c), bears a rational relationship to the legitimate state interest of protecting children 13 to 16 years of age from premature sexual experiences. *Id*. at 963, 685 N.E.2d at 637 (citing *Reed*, 148 Ill. 2d 1, 591 N.E.2d 455). While recognizing that the maturity of teenagers who are close in age "[is] more nearly equal and the opportunity for overreaching is diminished," the court noted the closeness in age did not override the legislature's purpose in enacting the statute, which was to protect 13- to 16-year-olds from engaging in premature sexual behavior regardless of their partners' age. *Id*.

¶ 35    Further, in *In re J.W.*, 204 Ill. 2d 50, 66, 787 N.E.2d 747, 757 (2003), the Illinois Supreme Court was tasked with determining whether requiring a juvenile to register as a sex offender for

the rest of his natural life violated substantive due process. The court held that "there is a rational relationship between the registration of juvenile sex offenders and the protection of the public from such offenders." *Id.* at 72, 787 N.E.2d at 760. "Requiring the registration of juvenile sex offenders *** is reasonable in light of the strict limits placed upon access to that information." *Id.* In *In re J.R.*, 341 Ill. App. 3d 784, 793, 793 N.E.2d 687, 695 (2003), the First District followed the principles stated by the supreme court in *J.W.* and concluded that "[t]he [sex-offender-]registration requirement under the Act does not violate substantive due process because there is a rational relationship between the registration of juvenile sex offenders and the protection of the public from juvenile sex offenders."

¶ 36　　While recognizing the prior holdings of our courts, specifically of *T.W.*, respondent asserts that "now is a time for different judges to make a judgment which should fall differently." To support his contention that this court should find a minor who engages in sexual behavior with another close-in-age minor should not be subjected to prosecution, he cites a number of articles, studies, and reports. He notes, "[c]arrying the label as a sex offender is 'likely to carry with it shame, humiliation, ostracism, loss of employment and decreased opportunities for employment, perhaps even physical violence, and a multitude of other adverse consequences' " (quoting *Doe v. Pataki*, 3 F. Supp. 2d 456, 468 (S.D.N.Y. 1998)). In addition to the stigma which attaches to sex offenders by virtue of their sex-offender status alone, respondent notes that the sex-offender-registration requirement imposes additional burdens, including residency-reporting requirements and place-of-domicile restrictions, all of which carry felony criminal penalties if not complied with. According to respondent, "the Juvenile Court Act provides for more reasonable methods of accomplishing the state objective of protecting minors."

¶ 37　　While we acknowledge respondent's invitation to reconsider the reasonableness of the criminal sexual abuse statute under which he was charged, or to consider whether a more reasonable method to protect juveniles from premature sexual experiences is available, we must decline. Based on the precedent of *Reed*, *T.W.*, and *J.W.*, we find that the criminal sexual abuse statute at issue in this case–under which respondent was charged, convicted, and sentenced–is rationally related to the legislative purpose of protecting 13- to 16-year-olds from premature sexual experiences.

¶ 38　　In closing, we note that in its recent report, "Improving Illinois' Response to Sexual Offenses Committed by Youth," the Illinois Juvenile Justice Commission recommends that juveniles be removed from the state's sex-offender registry–which it opines is counterproductive–and that Illinois stop imposing categorical registration requirements upon juveniles. Illinois Juvenile Justice Commission, Improving Illinois' Response to Sexual Offenses Committed by Youth (2014), *available at* http://ijjc.illinois.gov/ youthsexualoffenses. However, as the First District recently noted in *In re M.A.*, 2014 IL App (1st) 132540, ¶ 42, 12 N.E.3d 805, "[w]hether the legislature will act on the Commission's recommendations remains to be seen. Unless and until that happens, *In re J.W.* guides the analysis of the issue of whether the Act's provisions bear a rational relationship to the protection of the public." See also *J.W.*, 204 Ill. 2d at 72, 787 N.E.2d at 760 ("It is best left to the legislature and not the courts to determine whether a statute is wise or whether it is the best means to achieve the desired result.").

## III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.